## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PAULO JOSE SANCHEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-1315 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas lawsuit challenging his conviction for possession of cocaine. Respondent filed a motion for summary judgment (Docket Entry No. 7), to which petitioner filed a response (Docket Entry No. 9).

Based on consideration of the pleadings, the motion, the response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

### Procedural Background and Claims

Petitioner was convicted of possession of cocaine in Harris County, Texas, and sentenced to fifteen years confinement in March 2006. The conviction was affirmed on direct appeal, *Sanchez v. State*, 243 S.W.3d 57, 75 (Tex. App. – Houston [1st Dist.] 2007, pet. ref'd), and discretionary review was refused. Petitioner's application for state habeas relief was filed on August 18, 2008, and denied by the Texas Court of Criminal Appeals on January 6, 2010. *Ex parte Sanchez*, WR-72,874-01.

Petitioner filed the instant federal habeas petition on April 16, 2010, claiming that counsel was ineffective in the following particulars:

(1)     failing to move to suppress petitioner's oral statements and evidence of cocaine found on petitioner and in his truck;

(2)     failing to file a motion in limine and object to evidence that petitioner refused to consent to a search of the house where he was staying;

(3)     failing to file a motion in limine and object to the State's opening argument and a police officer's testimony regarding a confidential informant;

(4)     failing to file a motion in limine and object to testimony that a stolen shotgun was found in the house where petitioner was staying;

(5)     eliciting a police officer's opinion that petitioner was selling "kilos of cocaine" from the house; and

(6)     failing to file a motion in limine and object to the State's impeachment of petitioner with his prior conviction for assaulting his wife.

Respondent moves for summary judgment dismissal of these claims as procedurally defaulted and/or without merit.

## Factual Background

The state court of appeals set forth the following statement of facts in its opinion:

Houston Police Department ('HPD') Officer R. Morales testified that on August 31, 2005, he received information from a confidential informant that a large quantity of cocaine was present at 6543 Avenue I in Houston. Based on that information, Morales secured a search and arrest warrant for appellant.

Morales explained that there were surveillance cameras monitoring the exterior of the house. Inside the house, on top of a small coffee table in the living room, was a 'big clear plastic bowl' containing 353 grams of cocaine. The cocaine was sitting on top of a scale. Across from the coffee table, 'small baggies' of cocaine were located inside a dresser. [FTN. Officer Morales

testified that '[t]wo clear baggies [that] weighed 12.50 grams' were recovered from the dresser drawer and another 'clear baggie that had 12.50 grams by itself. . . was found in the top dresser also.'] Morales also found 'multi-kilo baggies' on the floor containing traces of cocaine, spoons and measuring cups containing 'caked-on' cocaine used to transfer cocaine, two sifters in the 'southeast bedroom,' at least four measuring scales, and a drug ledger inside the house. Officers also found pictures of appellant throughout the house and a xeroxed copy of appellant's driver's license, listing his address as 6543 Avenue I, in a drawer next to 'baggies of cocaine.' Three bills, one from BlueCross BlueShield, one from Stonebridge Life Insurance Company, and one water bill, were addressed to appellant at that address. [FTN. Morales explained that 'all the bills and names were-in [appellant's] name. So we just took three and we left the rest there.'] Officers recovered nine firearms in the bedroom closest to the living room, where 'the majority of the cocaine was found,' likely used to 'protect their dope.' The nine firearms consisted of a Winchester .308 rifle model 70 XTR with scope, Glenfield .22 rifle model 60, Sears & Roebuck .22 rifle model 3T, Universal .30 rifle, Norinco SKS pistol, Smith & Wesson .357 revolver model 662, Ruger .357 revolver Security–Six, RG .38 special revolver, and one shotgun that had been 'reported stolen.' Morales further explained that, based on his experience, the presence of surveillance cameras and the quantity of cocaine recovered indicated that the cocaine was 'being cut up to sell' and not solely for personal use. While conducting surveillance over a four-month period, Morales saw appellant present each of the approximately five times that Morales went to the residence.

HPD Officer R. Bradley testified that on August 31, 2005, he drove to 6543 Avenue I to assist Officers Morales and Gonzales with their surveillance. Bradley saw appellant get into a truck with another male and one or two young children. Bradley, in an unmarked truck, followed appellant to a Shell gas station. At the gas station, Bradley approached appellant, identified himself, and told appellant why he was speaking with him. After they moved to an empty lot across the street, appellant denied that he had any narcotics at his residence, and Bradley asked appellant to sign a consent to search the house. Appellant refused and told Bradley to secure a warrant. While detaining appellant, Bradley received a call from Morales informing him that he had secured a warrant. Appellant admitted having twenty dollars worth of cocaine, or about 0.5 grams, in his wallet. An additional twenty-dollar bag of cocaine was discovered in appellant's car. A uniformed officer then took appellant to the residence in a marked patrol car.

3

Bradley further testified that as the officers served the warrant at the residence, they noticed that a security camera was located on the right front corner of the house. While appellant was inside the patrol car, the officers entered the house using a battering ram because of the presence of the security camera and because they had been told that firearms were present inside the house. Bradley noted that the house was unoccupied when the officers entered and appellant had a key to the house on his key ring.

Appellant testified that he lived at 926 Forest Oak Drive for approximately five years before his arrest. The longest period of time that he had been away from that residence was a three-week period when he had a fight with his wife, Elizabeth Guerra. Appellant explained that he had previously lived at 6543 Avenue I for four years with his ex-wife. At the time that he was arrested, appellant had been staying at the house at 6543 Avenue I for about one week while he was on vacation, and he had been out of his house for about three weeks. During that three-week period, appellant also stayed at his brother's house and then his mother's house. Appellant knew that the residents sold narcotics and that there were narcotics in the house, but he did not see any narcotics in the living room. He also knew that one of the residents of the house had a gun, but he was not aware that the resident had several guns.

Elizabeth Guerra, appellant's wife, testified that at the time appellant was arrested, the two were separated and he had stayed for three weeks with friends at 6543 Avenue I in a house owned by his aunt. She explained that appellant had lived at the property on Avenue I with his ex-wife, but that he had moved out of that house five years prior to his arrest. Juan Sanchez, appellant's brother, testified that although appellant was 'staying at' a house next to his aunt's house when he was arrested, he was not 'living at' that residence. Dalton Francis, Jr., a pretrial services officer with Harris County, testified that when he interviewed appellant, appellant told Francis that he lived at 6543 Avenue I in Houston and had been living there for about ten years.

After the jury found appellant guilty and assessed his punishment and the trial court signed its judgment and sentence, appellant filed a motion for new trial, asserting that his trial counsel provided him with ineffective assistance. After hearing the evidence and arguments of counsel, the trial court denied the motion.

*Sanchez*, 243 S.W.3d at 61-63.

*The Applicable Legal Standards*

A.   <u>Habeas Review</u>

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable.  *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

B.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software*, *Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.  Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant.  Accordingly, unless

6

a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

*Procedurally Defaulted Claim*

Respondent contends that petitioner's third habeas ground, in which petitioner complains of counsel's failures regarding a confidential informant, is unexhausted and procedurally barred. Petitioner raised the issue on direct appeal, but then failed to raise it in his petition for discretionary review. Although petitioner later raised the issue in his state habeas application, the state court found that the claim had been raised and rejected on direct appeal and need not be reconsidered on collateral review. *Ex parte Sanchez*, p. 181. Consequently, this claim was never before the Texas Court of Criminal Appeals in a procedurally correct manner to allow disposition on the merits. The issue is procedurally barred and, at this juncture, procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).

Because the denial of this claim was based on adequate and independent state procedural rules, this Court cannot consider the claim unless petitioner has demonstrated cause and prejudice for the default or that failure to consider the issue will result in a miscarriage of justice. *See Coleman*, 501 U.S. at 750. Petitioner neither meets, nor attempts to meet, this burden, and respondent is entitled to summary judgment dismissal of the claim.

Even assuming this claim were properly before this Court, petitioner's argument was

rejected by the state court of appeals, which held as follows:

> Appellant next argues that his trial counsel was ineffective because he failed to object to Officer Morales's testimony as to what the confidential informant told him on the grounds that it was inadmissible hearsay.
>
> During the trial, when questioned by the State as to how he began his investigation of the location in question, Morales stated that he '[r]eceived information from a confidential informant,' which he used to secure the search and arrest warrant. Morales 'did a little investigation on the location and then conducted surveillance' over a period of several months.
>
> In *Schaffer v. State*, the Court of Criminal Appeals noted that,
>
>> Frequently, testimony will have an impermissible hearsay aspect along with a permissible nonhearsay aspect. Almost always it will be relevant for a testifying officer to relate how [he] happened upon the scene of a crime or accident; thus, it is permissible for [him] to testify that [he] was acting in response to 'information received.' An arresting officer should not be put in the false position of seeming just to have happened upon the scene, he should be allowed some explanation of his presence and conduct. The police officer, however, should not be permitted to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports on grounds that [he] was entitled to tell the jury the information upon which [he] acted.
>
> Here, the testimony in question did not reveal the details of the information that the informant provided to Morales. Morales's reference to the confidential informant was merely a general description of possible criminality that provided an explanation for why Morales developed appellant as a suspect and later secured a warrant. If trial counsel had asserted a hearsay objection, the trial court would not have abused its discretion in overruling the objection. Accordingly, we hold that the fact that appellant's trial counsel did not object to Morales's testimony regarding what the confidential informant told him does not support a claim of ineffective assistance.

*Sanchez*, 243 S.W.3d at 64-65.

This Court further notes that, as an alternative disposition, the trial court on collateral review found "that the testimony about the confidential informant did not reveal the details of the information that the informant provided to police and that the reference to the informant was merely a general description of possible criminality that provided an explanation for why police developed [petitioner] as a suspect and later secured a warrant." *Ex parte Sanchez*, p. 178. The trial court further found that the court of appeals had held that the trial court would not have abused its discretion in overruling an objection to the evidence had an objection been made. *Id*., p. 177. The trial court concluded that, because petitioner failed to show that the trial court would have abused its discretion in overruling a timely objection to the evidence, he failed to show ineffective assistance of counsel. *Id*., p. 182.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Nor does petitioner establish that he was prejudiced by counsel's failure to file a motion in limine as to the testimony. Habeas relief would not be warranted under petitioner's argument.

*Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To

9

assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness

10

does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner complains that trial counsel was ineffective in the following instances.

A.     Failure to Suppress or Object to Arrest Statements and Evidence

Petitioner complains that trial counsel was ineffective in failing to file a motion to suppress, and in not objecting to, statements petitioner made to the police and the cocaine found on his person and in his truck.

In his affidavit submitted to the trial court on collateral review, trial counsel testified, in relevant part, as follows:

> Generally, the theory for the defense was that [petitioner] did not own, did not reside nor did he control in any manner the property where the drugs were found; [his] constant presence in that property was for the purpose of supporting his drug habit, to purchase small amounts of cocaine for personal use. This behavior created a conflict in his marriage which led [him] to leave home for days at a time. Sometimes he would stay with his brother, other times he would stay with his friends at the property where officers found the drugs. The people who lived at this property were friends and acquaintances. Thus the strategy was for the jury to know that [petitioner] did not reside at that property and that he had a small amount of cocaine in his possession consistent with a buyer, not a dealer. We were willing to accept charges on a smaller amount of drugs they found in [petitioner's] wallet. Everything that was done in the trial was consistent with this theory of the facts.
>
> In response to the first issue as to whether I believed it was necessary or beneficial to file a motion to suppress and object to the admission of [petitioner's] oral statements to HPD officer Bradley, it should be noted that we wanted the jury to realize that [petitioner's] statements were consistent with our theory that he was a user not a dealer. Thus we wanted to show that he had a small amount of drugs with him which he had purchased at the location where the drugs were found[.] Consequently, we did not file a motion to suppress this evidence because we believed his statements at the scene

11

furthered our theory of the case, and [petitioner] was at that property
purchasing a small, usable, amount of cocaine, nothing more.

*Ex parte Sanchez*, pp. 111-12.

In denying habeas relief, the trial court found counsel's affidavit credible and the facts

asserted therein true, and made the following relevant findings:

> 5.    The Court finds, based on the credible affidavit of [trial counsel] and
> the appellate record, that [counsel's] theory at trial was to show that
> [petitioner] was a small-time, low income drug user who worked a low
> income job and lived a modest lifestyle; that [his] drug use caused
> conflict in his marriage and that he had left home on several occasions
> and remained gone for extended periods of time; that [he] did not own,
> live at or otherwise exercise control over the house where the drugs
> were found; and that [he] did occasionally visit the house where the
> drugs were found to support his drug habit and during times when
> arguments with his wife drove him from his home because he knew the
> people who owned the house.

> 6.    The Court finds, based on the credible affidavit of [counsel] and the
> appellate record, that [counsel's] defense theory at trial was to also
> show that [petitioner] was cooperative when he was detained by the
> police; that [he] did not give consent to search the house because he did
> not own the house; that [he] readily admitted to the small amount of
> cocaine in his possession because he was just a small-time user; and
> that [his] statements to police were consistent with his defense at trial.

> 7.    The Court finds, based on the appellate record, that [counsel's] opening
> statement, examination of witnesses, and closing argument were also
> consistent and supportive of this defense theory.

> 8.    The Court finds that [counsel's] defense theory was based on
> reasonable trial strategy and had a plausible basis.

*Id*., pp. 176-77 (record citations omitted).   The trial court concluded that:

> 1.    [Trial counsel's] decision not to move to suppress or object to
> [petitioner's] oral statement to police, his refusal to consent to the
> search of the house, and the cocaine found in his wallet was reasonable

12

                trial strategy, had a plausible basis, and is therefore not subject to review.

2.      In the alternative, [petitioner] fails to show that the trial court would have erred in denying a motion to suppress or overruling an objection to this evidence.

3.      Because [petitioner] fails to show that the trial court would have erred in denying a motion to suppress or overruling an objection to this evidence, [he] fails to show counsel was ineffective in this regard.

*Id.*, pp. 180-81. The trial court concluded that the totality of representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel. *Id.*, p. 184. The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.

This Court's review of the state court record finds no legal or factual basis for disturbing the state court's determination. In his response to the motion for summary judgment, petitioner again does nothing more than restate his conclusional arguments and disagree with the state court's actions. This is insufficient to meet his burden of proof under the AEDPA. *See Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008).

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment dismissal of this issue.

B.      Failures Regarding Refusal to Consent to a Search

Petitioner asserts that trial counsel should have objected to evidence that he refused

to consent to the police officers' search of the house where the drugs were found.

In his affidavit submitted to the trial court on collateral review, trial counsel testified,

in relevant part, as follows:

> A motion in limine was not filed or presented to the Court to object to
> Bradley's testimony that [petitioner] refused to a consent of a search of the
> house because our theory of the case was that he did not consent because he
> had no authority to consent, he had no control over said property. We wanted
> to present to the jury that such consent was not given because he felt he did not
> have enough rights over the property to grant it. This specific point was
> discussed with and explained to [petitioner] in detail. Our theory also meant
> to put forward the idea that [petitioner] would sometimes spend several days
> at this location because he would get into fights with his wife over his drug
> abuse and he would just leave for days at a time. We tried to establish that the
> house where the drugs were found was not his place of residence and tried to
> distance him as much as possible from it.

*Ex parte Sanchez*, p. 112.

In denying habeas relief, the trial court found counsel's affidavit credible and the facts

asserted therein true, and made the following relevant findings:

> 9.     The Court finds, based on the credible affidavit of [trial counsel] and
>        the appellate record, that [counsel]'s defense theory was that since
>        [petitioner] did not own the house and told the police he did not own
>        the house, he could not give consent for the police to search the house;
>        the Court further finds that [counsel's] trial strategy was to
>        communicate this information to the jury in support of his defense
>        theory.
>
> 10.    The Court finds that [counsel's] defense theory was based on
>        reasonable trial strategy and had a plausible basis.

*Id*., p. 177 (record citations omitted).  The trial court concluded that:

14

4.      [Counsel's] decision not to file a motion in limine or object to testimony that [petitioner] refused to consent to a search of the house was reasonable trial strategy, had a plausible basis, and is therefore not subject to review.

*Id.*, p. 181 (citations omitted).  The trial court concluded that the totality of representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel.  *Id.*, p. 184.  The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.

This Court's review of the state court record finds no legal or factual basis for disturbing the state court's determination.  In his response to the motion for summary judgment, petitioner again does nothing more than restate his conclusional arguments and disagree with the state court's actions. This is insufficient to meet his burden of proof under the AEDPA.  *See Mallard*, 515 F.3d at 383.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment dismissal of this claim.

C.      Failures Regarding the Stolen Shotgun

Petitioner contends that trial counsel should have objected to evidence that the police found a stolen shotgun at the house, and should have filed a motion in limine as to the

evidence.  Petitioner argues that evidence of the stolen shotgun constituted inadmissable extraneous offense evidence.

In his affidavit submitted to the trial court on collateral review, trial counsel testified, in relevant part, as follows:

> Issue four addresses the issue of mentioning the stolen shotgun that was found in the house.  No motion in limine or objection was presented to the court in reference to this item because our theory of the case did not give us standing to fight the search of the house and any items found in it.  [Petitioner] claimed he had no control or interest over the house or anything found in it.

*Ex parte Sanchez*, p. 113.

In rejecting petitioner's claim on collateral review, the trial court made the following relevant findings:

> 13.   The Court finds, based on the credible affidavit of [trial counsel] and the appellate record, that [counsel] did not file a motion in limine or object to evidence that a shotgun recovered from the house had been reported stolen because he believed that, under the defense theory that [petitioner] did not have care, custody or control of the house, [he] did not have standing to challenge the search of the house or the admissibility of the weapons recovered therefrom.

> 14.   The Court finds, based on the credible affidavit of [trial counsel] and the appellate record, that [counsel's] failure to file a motion in limine or object to testimony [regarding the shotgun] was consistent with [petitioner's] defense that he was not responsible for any of the drugs or weapons recovered from the house, whether or not they were stolen; the Court finds that [petitioner] fails to demonstrate that counsel's strategic decision was unreasonable or that he otherwise had standing to object to this evidence.

> 15.   The Court finds, based on the appellate record, that testimony that a shotgun recovered from the house had been reported stolen is not evidence of an extraneous offense attributable to [petitioner].

16

*Id.*, p. 178.  The trial court concluded that:

8.   [Counsel's] decision not to file a motion in limine or object to testimony that a stolen shotgun was found in the home was reasonable trial strategy, had a plausible basis, and is therefore not subject to review.

9.   In the alternative, the fact that a shotgun that had been reported stolen was in the house[,] was not evidence of an extraneous offense attributable to [petitioner].

10.  Because [petitioner] fails to show that the trial court would have abused its discretion in denying a motion in limine or overruling a timely objection to testimony that a shotgun found in the house had been reported stolen, [petitioner] fails to show counsel was ineffective in this regard.

*Id.*, pp. 182-83 (citations omitted).  The trial court concluded that the totality of representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel.  *Id.*, p. 184.  The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.

This Court's review of the state court record finds no legal or factual basis for disturbing the state court's determination. In his response to the motion for summary judgment, petitioner again does nothing more than restate his conclusional arguments and disagree with the state court's actions.  This is insufficient to meet his burden of proof under the AEDPA.  *See Mallard*, 515 F.3d at 383.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No

basis for habeas relief is shown, and respondent is entitled to summary judgment dismissal of this claim.

D.      Failures Regarding the Police Officer's Opinion Testimony

Petitioner next alleges that trial counsel was ineffective in eliciting testimony from Officer Morales that petitioner was running a multi-kilo drug operation out of the house.

The record shows the following relevant exchanges during trial counsel's cross-examination of Officer Morales:

Q:      In investigating a case like this, Officer, do you develop a theory of the case?  Suspects?  Criminal activity?  What you believe is going on?

A:      Yes, sir, we do.

Q:      Your theory in this case was that [petitioner] was selling drugs out of his house; isn't that correct?

A:      Yes, sir.

Q:      In your investigation, do you look for evidence that supports your theory only or do you look for evidence that may indicate that the person you're investigating is innocent as well?

A:      Well, no.  I mean, I don't know what you're trying to say, but what – the way we do things is we either use, like I said, confidential informant, we usually do undercover work, however we do it, and we target a certain person that we received the information [on].

Q:      I understand.

A:      And then we go from there.

Q:      My question is:  In investigating a case, a person, a suspect, do you look only for evidence that indicates that the person may not be guilty?

A:     Well, no.  Any evidence will – I guess, investigations, surveillance, if I don't – how can I say?  Don't see anything or I can't ever develop the information I received, yes, then I'll move on.

R.R. Vol. 4, pp. 6-8.

Q:     From your experience, Officer, how big is this case?

A:     It's a midlevel case.

Q:     It's a midlevel case?

A:     Yes, sir.

Q:     10 years to life; it's a midlevel case?

A:     Pretty much, yes.

Q:     Could you assume from the kilo wrappers you found in that house, from your experience, that this was at least a multi-kilo operation?

A:     Yes, sir.

Q:     That's a midlevel case?

A:     Yes,  sir.

*Id.*, p. 28.

In his affidavit submitted to the trial court on collateral review, trial counsel testified,

in relevant part, as follows:

[Petitioner's claim], I believe, misstates my cross-examination of officer Morales.  I did not attempt to elicit from officer Morales that my client had a multi-kilo operation running out of this house.  The information I was attempting to elicit was that the operation was a multi-kilo operation without connecting it to [petitioner].  We were trying to show that in considering where my client lived, where he worked, what he drove and his lifestyle in general could not lead the jury to believe that he was in charge of such a huge operation.  Basically my client was just a low income drug user.  By making

19

the operation look gigantic I was trying to separate [petitioner] from it.  I later introduced evidence of what he drove and where and how he lived.

*Ex parte Sanchez*, p. 113.

In rejecting petitioner's claim on collateral review, the trial court made the following relevant findings:

16.  The Court finds, based on the credible affidavit of [trial counsel] and the appellate record, that [counsel] intentionally elicited testimony from State's witness Officer Morales that Morales developed a theory of the case that the drug dealing activity from that house was a multi-kilo operation.

17.  The Court finds, based on the credible affidavit of [trial counsel], that [counsel's] defense theory was to show that the drug dealing from the house was a multi-kilo operation without connecting it to [petitioner], and that, considering [petitioner's] low-income job, low standard of living and his personal drug use, he could not have been in charge of such a large drug-dealing operation.

18.  The Court finds that [counsel's] defense theory in this regard was based on reasonable trial strategy and had a plausible basis.

*Ex parte Sanchez*, p. 179.  The trial court concluded that counsel's decision to elicit testimony that the drug dealing in the house was a multi-kilo operation and that petitioner's lifestyle and habits were inconsistent with his being the leader of such a large drug dealing operation was reasonable trial strategy, had a plausible basis, and was therefore not subject to review.  *Id.*, p. 183.  The trial court further concluded that the totality of representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel.  *Id.*, p. 184.  The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.

This Court's review of the state court record finds no legal or factual basis for disturbing the state court's determination.  In his response to the motion for summary judgment, petitioner again does nothing more than restate his conclusional arguments and disagree with the state court's actions. This is insufficient to meet his burden of proof under the AEDPA.  *See Mallard*, 515 F.3d at 383.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment dismissal of this claim.

### E.     Failures Regarding the Extraneous Assault Offense

Petitioner also complains that trial counsel should have objected to the State's impeaching him with a prior conviction for assaulting his wife, and should have filed a motion in limine to exclude the evidence.

In his affidavit submitted to the trial court on collateral review, trial counsel testified, in relevant part, as follows:

> In addressing [this] issue I believe it would have been beneficial to object to the impeachment of [petitioner] with a conviction for assaulting his wife.  I don't recall any reason or strategy in not presenting such objections.  I have not found any notes in reference to this specific part of the trial and I simply don't recall those details.  The only thing I recall is that we were trying to establish conflicts with his wife due to his drug addiction.  Once again trying to portray him to the jury as a user not a dealer.  I believe we were also trying to establish that [petitioner's] place of residence was not the house where the

drugs were found.  The report for that assault listed [petitioner's] residence as elsewhere.

Please take into consideration that this trial and my investigation of this case took place more than two and a half years ago and it's very difficult to recall many details.  Many of these questions were answered during a hearing for a motion for new trial that was conducted when my memory of the case and thoughts that went into the case strategy were fresh.

*Ex parte Sanchez*, pp. 113-14.

In rejecting petitioner's claim on collateral review, the trial court made the following

relevant findings:

19.   The Court finds, based on the appellate record, that [counsel] filed a motion in limine with respect to evidence of [petitioner's] previous conviction for assaulting his wife and that the trial court ruled that the State could question [petitioner] about the conviction.

20.   The Court finds, based on the credible affidavit of [trial counsel] and the appellate record, that although [counsel] believes it would have been beneficial to object to evidence that [petitioner] had been previously convicted for assaulting his wife, such evidence was relevant and consistent with [counsel's] defense theory of portraying [petitioner] as a low income drug user whose addiction caused problems at home, compelling him to be gone for days at a time and to sleep at the house where the drugs were found.

21.   The Court finds that evidence of [petitioner's] prior conviction for assaulting his wife was admissible under TEX. R. EVID. 609(a).

22.   The Court finds that [counsel's] failure to object to the admission of evidence that [petitioner][1] had been previously convicted for assaulting his wife was not deficient.

*Id.*, pp. 179-80.  The trial court concluded that:

---

[1]The trial court's actual finding states that it was *trial counsel* who had been convicted of assaulting his wife.  *Ex parte Sanchez*, p. 180.  This clearly was an unintended typographical error.

12.     Because [counsel] filed a motion in limine regarding [petitioner's] previous convict[ion] for assaulting his wife, and because evidence of the previous conviction was relevant and consistent with [counsel's] defense strategy, [petitioner] fails to show that [counsel's] conduct was deficient for failing to object.

13.     Because [petitioner] fails to show that the trial court would have committed reversible error in overruling a timely objection to evidence that [he] had been previously convicted for assaulting his wife, [petitioner] fails to show counsel was ineffective in this regard.

*Id.*, pp. 183-84 (citations omitted).  The trial court further concluded that the totality of representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel.  *Id.*, p. 184.  The Texas Court of Criminal Appeals expressly relied on these findings in denying habeas relief.

This Court's review of the state court record finds no legal or factual basis for disturbing the state court's determination.  In his response to the motion for summary judgment, petitioner again does nothing more than restate his claims and disagree with the state court's actions.  In particular, petitioner does not show that, had counsel objected to the evidence, the objection would have been sustained and the evidence excluded.  Nor does he show that the trial court would have committed reversible error in overruling a proper and timely objection to the evidence.  The trial court found that the evidence was admissible under state law, and this Court cannot question that determination in a federal habeas proceeding.  *See Goodrum v. Quarterman*, 547 F.3d 249, 261 (5th Cir. 2008).  Petitioner does not meet his burden of proof under the AEDPA.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment dismissal of this issue.

<em>Conclusion</em>

Respondent's motion for summary judgment (Docket Entry No. 7) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on August 19, 2011.

_____
Gray H. Miller
United States District Judge